IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMAN CADMUS, | : | |
| | : | 4:08-cv-473 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| WARDEN SCI COAL TOWNSHIP, | : | |
| *et al.*, | : | |
| | : | |
| Respondents. | : | |

# **MEMORANDUM**

## **August 5, 2010**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 30), filed on June 28, 2010, which recommends that we: (1) deny Petitioner Norman Cadmus' ("Petitioner" or "Cadmus") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the merits and on statute of limitations grounds with respect to his mental competence claims; (2) dismiss, without prejudice, Petitioner's claims regarding the alleged coercion of his guilty plea and ineffective assistance of counsel; and (3) not issue a certificate of appealability.

Petitioner filed objections to the R&R on July 13, 2010. (Docs. 31 and 32). Respondents have not filed objections to the R&R and the time to do so has lapsed. Accordingly, this matter is ripe for our review. For the reasons that follow, we shall overrule the Petitioner's objections and adopt the R&R in its entirety.

## I.     STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III.    DISCUSSION

## A. FACTUAL BACKGROUND

The facts and procedural history of this case are well known to the parties and the Court, thus we shall only briefly summarize them herein.[1] On March 20, 2002, in the Court of Common Pleas of Dauphin County, Pennsylvania, Cadmus entered an *Alford*[2] plea on two counts of second degree murder, two counts of robbery and one count each of arson, burglary, and conspiracy. All of these charges arose out of the brutal homicide of Kevin Beam and Linda Arnold that occurred in Lower Paxton Township in March of 1996. Police determined that, following the double murder, a fire had been set to the residence, in an apparent effort to mask the homicides. During the course of a five year investigation into the killings, Cadmus confessed to involvement in the murders. Cadmus, who was essentially an accomplice to another man, William Stephens, ultimately entered the Alford pleas to the charges referenced above and was spared capital punishment. He ultimately received two life sentences plus four to twenty years on the convictions.

---

[1] Magistrate Judge Carlson undertakes a fulsome review of the factual background and procedural history of this matter at pages 1-11 of the R&R.

[2] Named after the Supreme Court case, *Alford v. North Carolina*, 400 U.S. 25 (1970), an *Alford* plea is a guilty plea proceeding in which a defendant does not acknowledge personal guilt or responsibility, but concedes that the Government's evidence is sufficient to prove his guilt beyond a reasonable doubt.

Cadmus took no direct appeal of his convictions and sentences.  On February 28, 2003, Cadmus filed a petition for relief under Pennsylvania's Post-Conviction Relief Act, (PCRA), 42 Pa. C. S.A. § 9541 *et seq.*  On November 30, 2005, the Court of Common Pleas of Dauphin County conducted a hearing on Cadmus' PCRA petition and ultimately denied his petition.  On December 12, 2005, Cadmus timely appealed to the superior Court of Pennsylvania and the Superior Court affirmed the denial on November 28, 2006.  On May 10, 2007, the Pennsylvania Supreme Court denied Cadmus' petition for allocator.

On March 13, 2008, Cadmus filed the instant *pro se* habeas petition pursuant to 18 U.S.C. § 2254.  Magistrate Judge Malachy E. Mannion denied Cadmus' motion for appointment of counsel.  On September 1, 2009, this case was reassigned to Magistrate Judge Carlson.  On September 4, 2009, the Office of the Federal Public Defender was appointed to represent Petitioner and was ordered to file a traverse limited to the issue of the statute of limitations.  Thereafter, on November 23, 2009, Magistrate Judge Carlson ordered a full briefing schedule on the petition, and after the petition was fully briefed, issued the instant R&R recommending the petition be denied in part and dismissed in part.

B.      **RECOMMENDATION**

The recommendations made by Magistrate Judge Carlson in the R&R can be divided into two parts. First, Magistrate Judge recommends that Petitioner's mental competence claims be dismissed on the merits. Magistrate Judge Carlson also recommends that Cadmus' petition should be denied because his claims are procedurally barred and unexhausted. Second, Magistrate Judge Carlson recommends that Cadmus' claims that his guilty plea was coerced and that his state trial counsel was ineffective and incompetent be dismissed because they have not been exhausted by Cadmus in the state court system.

## C.  OBJECTIONS

The Petitioner's objections to the R&R essentially voice his disagreement with the Magistrate Judge's conclusion that Cadmus has not shown by clear and convincing evidence that he was mentally incompetent at the time he entered his plea of guilty. Although Cadmus invites this Court to reject the Magistrate Judge's recommendation on this point, we find absolutely no reason to part company with Magistrate Judge Carlson's thorough review of Petitioner's mental competency claim.[3]

---

[3] Additionally, we note that Petitioner does not object to the Magistrate Judge's recommendation that Cadmus' unexhausted claims be dismissed without prejudice. Accordingly, this appropriate recommendation will be adopted as it is both proper and unopposed.

Magistrate Judge Carlson correctly recognizes that we are not free to substitute our own views for the findings of the state judges on issues of competence to stand trial; *Maggio v. Fulford*, 462 U.S. 111, 117 (1983); competence to waive rights; *Demosthenes v. Baal*, 495 U.S. 731, 734-35 (1990); or whether the defendant's mental competence affected his ability to comply with post-conviction filing deadlines. *Nara v. Frank*, 488 F.3d 187, 200-01 (3d Cir. 2007). These factual findings made by state court judges are presumed to be correct unless a federal petitioner can show by clear and convincing evidence that these factual findings were erroneous. *See* 28 U.S.C. § 2254(e)(1). Thus, after giving the state court judge's rulings on Cadmus' competence the deference to which they are entitled, Magistrate Judge Carlson finds, and we agree, that he has not overcome his evidentiary burden to assert his lack of competence as a grounds for either equitable tolling of the statute of limitations, or as an independent substantive ground for habeas relief.[4]

In particular, a review of the March 22, 2004 guilty plea colloquy confirms that Cadmus was competent and fully understood the nature of the proceedings.[5]

---

[4] Implied within Petitioner's objections is a concession that the statute of limitations is, in fact, a bar to the instant petition, absent the operation of equitable tolling.

[5] At times in the colloquy, the Cadmus asked the Court to clarify matters for him, underscoring his mental competence at the time he rendered his guilty plea.

Further, the PCRA hearing testimony given by Enos Martin, the Dauphin County Prison psychiatrist who treated Cadmus from January 2002 to March 2002 illustrates that Cadmus was competent to enter a guilty plea in March 2002. Martin testified:

> I felt I was dealing with someone who was intact in terms of their orientation. He was not being distracted by hallucinations internally. I saw no indication that he could not cooperate with his defense at that time.

(Doc. 26, Ex. F., p. 44). Finally, the record of the state court proceedings in this matter reveals that Cadmus was an effective, timely, and articulate advocate on his own behalf from 2002 to 2005, filing cogent and coherent PCRA petitions. Based on all of the foregoing, we wholly agree with Magistrate Judge Carlson's conclusion that Cadmus has not shown, by clear and convincing evidence, that the state court factual findings about his mental competence were erroneous.

As noted above, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. Our review of Magistrate Judge Carlson's R&R reveals a careful, well-reasoned and exhaustive analysis of the

claims contained in the petition. We find absolutely no reason to disturb the Magistrate Judge's recommendation and shall adopt the same.[6]

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the Petitioner's objections are overruled and the R&R shall be adopted in its entirety. An appropriate Order shall issue.

---

[6] We shall also adopt Magistrate Judge Carlson's recommendation that a certificate of appealability should not issue in this case, based on our ruling that Plaintiff has not met his evidentiary burden with respect to his mental competence claim. Further, the instant petition was filed outside of the statute of limitations applied to section 2254 petitions, and there is no cognizable basis for equitable tolling of the statute of limitations.